# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19CR227 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD R. PEYATT, | ) | RESTITUTION ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is the issue of restitution.  On May 2, 2019, Defendant pleaded guilty pursuant to a Plea Agreement to one count of False Statement to Law Enforcement, a violation of 18 U.S.C. § 1001(a)(2).  On August 8, 2019, the Court sentenced Defendant to three-years' probation.  At the request of the parties, the Court deferred the matter of restitution until a later date.

The Plea Agreement states that,

> Prior to sentencing, Defendant agrees to deliver a certified check or money order to the U.S. Attorney's Office in the amount of $250,000, payable to the "Clerk, U.S. District Court," to be deposited into the Court registry until the date of sentencing and, thereafter, to be applied to satisfy the financial obligations of Defendant, pursuant to the judgment of the Court.

(Doc. 12, PageID: 32-33).

Both the Government and Defendant agree that the $250,000 (the "funds") should be distributed to the Internal Revenue Service.  (Doc. 28, PageID: 158).  But Defendant seeks a

further order from the Court on how the IRS should apply the funds.  According to Defendant, he has satisfied his financial obligations for the tax years 2010, 2011 and 2012.  He seeks a Court order stating the same.  (Docs. 26 & 28).  Defendant also requests that the Court order the IRS to apply the funds to any tax obligation Defendant may have for tax years 2018 and 2019.  (*Id.*).  The Government takes no position on how the IRS should apportion the funds.  (Docs. 27 & 29).

A Court may order "restitution in any criminal case to the extent agreed to by the parties in a plea agreement."  18 U.S.C. § 3663(a)(3).[1]  An order of restitution under § 3663 "shall be issued and enforced in accordance with section 3664."  *Id.* at § 3663(d).  Section 3664 provides direction to a district court when fashioning an order of restitution.  *See generally*, 18 U.S.C. § 3664.  For example, decisions concerning the amount of restitution, the number of installments and the timing of payment can be determined by a district court.  *Id.*  Moreover, the Sixth Circuit has said that these determinations are judicial functions and cannot be delegated to other agencies.  *United States v. Butler*, 297 F.3d 505, 518 (6th Cir. 2002); *see also Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001) (court must first set the restitution amount before delegating to third-party agency for initial payment schedule).  Accordingly, it seems clear that the Court must set the amount, the number of installments and the timing of the restitution award.

What is unclear is whether the Court can direct the victim how to use the award of restitution.  Defendant argues that the Court can, although he provides no support for this position.  Nor has the Court found any support for this argument through its own research.  In fact, courts cannot require victims to participate in any phase of the restitution process.  *See* 18 U.S.C. § 3664(g)(1).  Moreover, restitution orders are subject to offset *only after* subsequent

---

[1] In the alternative, "the law gives courts wide discretion in ordering restitution as a condition of" probation for any criminal offense.  *United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015).

Federal or State litigation.  *Id.* at § 3664(j)(2).  It therefore seems unsound that a court can that require the payee—here, the IRS, a third-party governmental institution—to use a restitution award in a certain way.  This is especially true considering the underlying tax obligations were never litigated in this Court.

Therefore, the Court will not direct the IRS to apply the funds to any specific tax year obligation.  The Plea Agreement addresses the amount ($250,000); the schedule (one lump-sum); and the timing (before Sentencing) of the Restitution Order.  It does not stipulate how the funds should be applied to Defendant's financial obligations.  The Court agrees with the Government—any dispute Defendant may have with the IRS should be resolved in future litigation between Defendant and the IRS.  The Court **GRANTS** Government's Motion Regarding Restitution (Doc. 27) and **DENIES** Defendant's Motion for Restitution Order. (Doc. 26).

After considering the § 3664 requirements, the Court enters the following **RESTITUTION ORDER**:

- That, in accordance with the Plea Agreement, Defendant Donald R. Peyatt is **ORDERED** to deliver a certified check or money order to the U.S. Attorney's Office in the amount of $250,000, payable to the "Clerk, U.S. District Court," prior to sentencing;

- That, on or about August 8, 2019, Defendant Donald R. Peyatt deposited $250,000 with the Court in accordance with the Plea Agreement; and

- That the Clerk is **ORDERED** to immediately disburse the funds in its possession to:

  Internal Revenue Service
  W Pershing Ave
  Kansas City, MO 64108

**IT IS SO ORDERED.**

**Dated: June 11, 2020**          s/ Christopher A. Boyko
                                  **CHRISTOPHER A. BOYKO**
                                  **Senior United States District Judge**